IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                    CASE NO.: 3:06-bk-03042-GLP

Phylis Lashley Rodgers,
     Debtor.
_____/

## AMENDED CHAPTER 13 PLAN

1. The future earnings or income of the Debtor are submitted to the supervision and control of the Trustee.

2. The total of **$2,625.33** per month for months one (1) through sixty (60) shall be submitted to the control of the Trustee for administration on behalf of creditors filing allowed claims, for a duration of sixty (60), i.e. the "life of the plan", or, alternatively, until all such claims are paid in full.

3. The Trustee shall make the following disbursements from the payments so received:

### A. PRIORITY CLAIMS

(1) The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of five percent (5%) of the amount of all payments remitted under the plan.

(2) **William Earl Horne, Jr.** has a priority claim in the amount of $1,650.00 The Trustee shall make payments of **$275.00** per month for months 1-6.

(3) The **Internal Revenue Service** has a priority claim in the amount of $2,275.00. The Trustee shall pay this claim at the rate of **$37.92** per month for months 1-60.

(4) The **State of Florida** has a priority claim in the amount of **7,547.63**. The Trustee shall pay this claim at the rate of **125.79** per month for months 1-60.

### B. SECURED CLAIMS

(1) **Ameriquest Mortgage Corporation** has the first mortgage on the Debtor's principal residence located at 5520 Kilkee Court, Jacksonville, Florida. The Trustee shall make the regular monthly payments of **$1,318.91** over the life of the plan, subject to periodic changes in accordance with variations in the prevailing discount rate and/or potential escrow advances paid by this secured creditor. The total arrearage on the mortgage payments is **$40,749.41**, which includes late

charges, reasonable pre-petition attorney's fees, and costs. The Trustee shall pay the arrearage at the rate of **$679.16** over the life of the plan (i.e., months 1-60) in order to cure this arrearage.

(2) **The Ortega Bluff Homeowners Association** has a secured claim on the Debtor's principal residence which is related to homeowners dues and assessments. The amount due pursuant to Claim #1 is **$3,436.52**. The Trustee shall cure this arrearage by paying **$57.28** over the life of the plan.

(3) All secured creditors will retain their liens, pursuant to 11 U.S.C. 1325(a)(B)(i).

### C. UNSECURED CLAIMS

(1) Unsecured creditors, including those secured creditors having deficiency claims or whose liens have been avoided, shall receive distribution on a pro-rata basis for months 7 through 60.

(2) Any creditor's claim filed after the last date to file claims, will receive no distribution under this plan unless specifically provided for above.

### D. GENERAL PROVISIONS

(1) The Debtor does not reject any executory contracts.

(3) Title to all property in the estate shall re-vest in the Debtor upon confirmation of this plan.

(4) Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorneys' fees will be paid to or accessible by any creditor. 11 U.S.C. Section 1327(a) provides: "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."

(4) Once the Debtor successfully completes the Chapter 13 plan and a discharge is entered by the Court, NO CREDITOR WILL BE ALLOWED TO ADD LATE CHARGES, PENALTIES, INTEREST OR ATTORNEYS' FEES FROM THE BEGINNING OF TIME THROUGH THE DATE OF DISCHARGE.

DATED: December 18, 2006

WILLIAM EARL HORNE, JR.
Florida Bar No.: 0507636, Debtor's Attorney
P.O. Box 52146
Jacksonville, Florida 32201
(904) 358-1001